**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal No.: 1:16-cr-00180-ESH** |
| **v.** | : | |
| | : | **Hon. Ellen S. Huvelle** |
| **BRYNEE BAYLOR,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## GOVERNMENT'S MOTION IN LIMINE TO
## PRECLUDE IMPEACHMENT BY PRIOR CONVICTION

The United States of America, by and through its undersigned attorneys, submits the

following motion in limine to exclude evidence regarding the 25-year old prior conviction of

Santos Soto, whom the government intends to call as a witness in its case-in-chief.

**Background**

The government intends to call Santos Soto as a witness at trial to testify regarding a

$250,000 investment his company made in the defendant's purported financial instrument.

Pursuant to its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), the government

has notified the defendant that in 1995, Mr. Soto was arrested at a protest outside the

Immigration and Naturalization Service ("INS"). He subsequently pleaded guilty to one count of

conspiracy and served approximately six months in prison and three years of supervised release.

The government seeks to preclude the defendant from impeaching Mr. Soto with this stale

conviction, which occurred more than two decades ago and would provide little, if any, evidence

of the witness's current truthfulness.

1

**<u>Argument</u>**

Rule 609(b) presumes that remote convictions are of limited relevance and should generally be excluded for impeachment purposes. Rule 609(b) provides that a witness may be impeached for a crime which occurred more than ten years ago only if the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Courts in the District of Columbia Circuit hold that "courts will very rarely exercise their discretion to admit convictions over 10 years old, and only in exceptional circumstances." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (internal quotation omitted). The legislative history to Federal Rule 609(b) also confirms Congress's intent that "convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." <u>See</u> Notes of Committee on the Judiciary, Senate Report No. 93–1277.

The testimony of Mr. Soto is far from the rare and exceptional circumstance where impeachment of an ancient conviction should be allowed. First, the impeachment value of the conviction is limited since it related to charges stemming from a protest. Second, while Rule 609(b) restricts the use of convictions that are more than ten years old, Mr. Soto's conviction is more than twice as old. This ensures that the old conviction is not probative at all of his current truthfulness as a witness. Third, since his 1995 conviction, Mr. Soto has led a law-abiding life. He has not been charged with a crime for the past 25 years.

**Conclusion**

The government is not aware of any specific facts and circumstances which make the

conviction of Santos Soto more probative than any other conviction from more than two decades

ago. Accordingly, the government moves to preclude the defendant's use of this conviction to

impeach the witness.

WHEREFORE, the Government respectfully moves the Court to enter an order

precluding the defendant from impeaching government witness Santos Soto on the basis of his

criminal conviction in 1995.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

By: /s/ Eric B. Powers
Eric B. Powers
Trial Attorney
U.S. Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20004
Telephone: (202) 616-5130
Eric.B.Powers@usdoj.gov

Jeffrey A. McLellan
Trial Attorney
U.S. Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20004
Telephone: (202) 514-5181
Jeffrey.A.McLellan@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2019, a copy of the foregoing document was sent via electronic case filing (ECF) to all counsel of record in this case.

By:    <u>/s/ Eric B. Powers</u>
          Eric B. Powers
          Trial Attorney