**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal No.: 16-cr-180 (ESH)** |
| **v.** | : | |
| | : | **Hon. Ellen S. Huvelle** |
| **BRYNEE BAYLOR,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| _____ | : | |

**GOVERNMENT'S BRIEF OPPOSING**
**SPECIFIC UNANIMITY INSTRUCTION**

The government writes to offer authority to support its position that no specific unanimity instruction regarding an overt act in furtherance of the conspiracy is required in this case.

The general rule is that "[a] special unanimity instruction is required only when there is a genuine risk of juror confusion or of conviction resulting from different jurors concluding the defendant committed different acts. In most cases a general instruction on unanimity suffices . . ." United States v. Sayan, 968 F.2d 55, 65 (D.C. Cir. 1992) (citing United States v. North, 910 F.2d 843, 876 (D.C. Cir. 1990)). In United States v. Bikundi, an unpublished opinion of this Court (2016 WL 912169 at *38), Judge Howell cited case law from the 1st, 7th, 8th and 9th Circuits as supporting the conclusion that "[a] jury, faced with divergent factual theories in support of the same ultimate issue, may decide unanimously ... that the government has proven a scheme to defraud even if they may not be unanimous as to the precise manner in which it occurred." The Court also relied on two DC Circuit cases that support the conclusion that unanimity is not required as to means (i.e., United States v. Kayode, 254 F.3d 204, 213-14 (D.C. Cir. 2001) and United States v. Harris, 959 F.2d 246, 255 (D.C. Cir. 1992). The Court also cited Judge Boasberg's opinion in United States v. Adams holding that the jury was not required to be

unanimous on which of several possible means the defendant used to commit a particular

element of a violation of 26 U.S.C. § 7212(a), a corrupt endeavor to obstruct the due

administration of the internal revenue laws. 150 F.Supp.3d 32 (D.D.C., 2015).  In Bikundi,￼ the

Court therefore concluded that the defendants were not entitled to a specific unanimity

instruction regarding the "manner and means" used to commit the healthcare fraud offense.

2016 WL 912169, at *39 (D.D.C., 2016).

Although jurors must reach a unanimous verdict, there is no requirement that jurors reach

agreement on the underlying facts that support each element of an offense. As the Supreme Court

explained in Schad v. Arizona, 501 U.S. 624 (1991), different jurors may rely on different pieces

of evidence and may reach different conclusions concerning the manner in which a defendant

committed an offense, as long as the jurors unanimously arrive at the same ultimate conclusion

that the government has proven each underlying element of the offense.  In United States v.

Griggs, the Seventh Circuit held that the jury was not required to agree unanimously regarding

an overt act that at least one of the conspirators had committed to sustain a conviction under 18

U.S.C. § 371.  569 F.3d 343 (7th Cir. 2009) ("[w]e don't think the judge was required (or indeed

permitted) to tell the jury that, to convict [the defendant], it had to agree unanimously on an overt

act that at least one of the conspirators had committed.")  In United States v. Kozeny, the Second

Circuit also held that the jury does not need to agree on a single overt act to sustain a conspiracy

conviction.  667 F.3d 122, 131–32 (2nd Cir.,2011).

In United States v. Hubbard, 889 F.2d 277, 280 (D.C. Cir. 1989), the D.C. Circuit

reviewed the trial court's failure to give a specific unanimity instruction regarding a conspiracy

to commit bank fraud for plain error.  The D.C. Circuit stated:

> We express no opinion as to whether a special unanimity instruction might ever
> be required with respect to the overt act of an alleged conspiracy, but do find that

in this case, given the similarity and interrelatedness of the overt acts alleged, the
District Court's statement that the government was obliged to prove every element
of a count, and Hubbard's failure to object to the general unanimity instruction at
trial, the District Court's instruction was not plainly erroneous.

The Hubbard court relied on the decision in United States v. Sutherland, 656 F.2d 1181, 1202

(5th Cir. 1981), which held that a jury does not need to be unanimous as to which overt acts

formed the basis for the guilty verdict where the overt acts fell into the same "conceptual group."

In Hubbard, the overt acts all fell into the same conceptual group because "most involve[d] the

theft and negotiation of various checks." Id. at 264.

In urging the Court to require specific unanimity, the defense cites the Redbook, which,

of course, does not govern this Court.  Even if the Redbook controlled, it may not apply here

since the Commentary says such an instruction is appropriate when the "count is duplicative and

includes more than one act or incident which could be charged as separate counts."  Here there is

no allegation that the count is duplicative.  The Redbook commentary goes on to say that when a

count is not duplicative, there is no consensus as to whether a specific unanimity instruction is

required.  Even though the D.C. Circuit in United States v. Mangieri stated that the Redbook

instruction was "sensible and appropriate," the court went on to say that "[w]e cannot conclude,

however, that it was plain error not to give the more particularized instruction in this case. This

circuit, along with others, has not heretofore adopted a rule requiring the particularized

instruction."  694 F.2d 1270, 1281 (D.C. Cir. 1982).

Accordingly, given the D.C. Circuit case law on specific unanimity in the non-conspiracy context, the holding in <u>Hubbard</u>, and the body of case law in other circuits that specific unanimity is not required as to overt acts indicates that the jury need not be instructed that they must be unanimous as to an overt act.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

By: /s/ Jeffrey A. McLellan
Jeffrey A. McLellan, Trial Attorney
U.S. Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20004
Telephone: (202) 514-5181
Jeffrey.A.McLellan@usdoj.gov

Dated: April 16, 2019

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2019, a copy of the foregoing document was sent via electronic case filing to all counsel of record in this case.

By:   <u>/s/ Jeffrey A. McLellan</u>
       Jeffrey A. McLellan
       Trial Attorney