# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> BRYNEE BAYLOR, ) <br> ) <br> Defendant. ) <br> ) | Crim. No. 16-0180 (ESH) |

## MEMORANDUM OPINION AND ORDER

Defendant Brynee Baylor has filed a motion for release on bond or, in the alternative, for home detention pending appeal pursuant to 18 U.S.C. § 3143(b). On April 29, 2019, Baylor was convicted by a jury of conspiracy to commit securities fraud pursuant to 18 U.S.C. § 371 and 15 U.S.C. §§ 78j(b), 78ff(a); securities fraud pursuant to 15 U.S.C. §§ 78j(b), 78ff(a); and five counts of fraud in the first degree pursuant to 22 DCC §§ 3221(a), 3222(a), and 1805. The jury acquitted Baylor of one count of obstruction of justice pursuant to 18 U.S.C. § 1503, and it hung on one count of fraud in the first degree. Following her trial, Baylor pled guilty to one count of failure to file a tax return and pay tax pursuant to 26 U.S.C. § 7203. The Court sentenced Baylor on September 12, 2019, to twenty-five months of imprisonment on the securities fraud counts and twelve months on the remaining counts, all to run concurrently. (*See* Judgment at 3 [ECF 154].)

Baylor filed a notice of appeal and has indicated that she plans to raise the same arguments before the Court of Appeals that she brought before this Court in her motion for a new trial. She now seeks either an appeal bond or to be placed in home detention pending appeal,

both of which the government opposes. The relevant statute provides that:

> [The Court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to . . . the community . . . and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Although the government concedes, and the Court agrees, that Baylor does not present a risk of flight or a danger to the community (*see* Gov't Resp. at 3 [ECF 161]), she has not raised a substantial question of law or fact as defined by 18 U.S.C. § 3143(b)(1). Therefore, the Court will deny Baylor's motion.

Upon conviction, "[t]he law has shifted from a presumption of release to a presumption of valid conviction." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam). In light of this shift, a "demanding" standard must be met for a Court to find a substantial question pursuant to § 3143(b)(1); there must be "a close question or one that very well could be decided the other way." *Id.* at 556 (internal quotation marks omitted).

Baylor rests her motion on the same arguments previously set forth in her motion for a new trial. (*See* Def.'s Motion for Home Detention at 2 [ECF 158] ("Counsel remains adamant that for the reasons stated in Defendant's Motion for New Trial . . . either reversal or an order for new trial will likely be granted on appeal.").) The Court has already considered each of these arguments and has rejected them.[1] Baylor's motion for a new trial included the following

---

[1] Baylor suggests in her reply that she is not limited to the arguments in that motion, and "will show [on appeal] there are other substantial questions that could have easily been decided the other way." (Reply at 5 [ECF 162]). However, the Court is unable to analyze the potential substantiality of those questions in deciding this motion, as Baylor has provided the Court with no suggestion of what they might be.

arguments: (1) the verdict was against the weight of the evidence; (2) the Court erred in its selection of an alternate juror; (3) certain exculpatory evidence was not disclosed before trial; (4) Baylor's statements to the SEC should have been suppressed because they violated her Fourth Amendment rights; and (5) the prosecution improperly speculated during closing arguments. (*See* Mem. Op. & Order at 3–4 [ECF 145].) In rejecting these arguments in its August 2, 2019 Memorandum Opinion, the Court observed that "this case was not close." (*See id.* at 19.) In response, Baylor suggests in her reply that "the standard under § 3143 looks at each question individually, not the case in its entirety." (Reply at 5 [ECF 162].) Nevertheless, each question considered on its own also fails under § 3143's substantial question standard.

First, the Court of Appeals will review Baylor's challenge to the weight of the evidence against the demanding standard of "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Boyd*, 803 F.3d 690, 692 (D.C. Cir. 2015) (internal quotation marks omitted). In previously rejecting the sufficiency argument, however, the Court found that "extensive" and "compelling" evidence supported the finding that Baylor acted with the necessary *mens rea* to be commit the crimes of which she was convicted. (Mem. Op. & Order at 4.) Second, the Court has already concluded that Baylor's Fourth Amendment claim is both waived *and* without merit—Baylor's argument on this issue did not present even a "rationale for a contrary interpretation that is supported by arguably applicable legal authority," as was found sufficient in *United States v. Quinn*. 416 F. Supp. 2d 133, 136 (D.D.C. 2006).[2] Third, the Court sees no reason why the remaining issues would be deemed

---

[2] *Quinn* itself has been criticized by other judges in this Court for articulating *Perholtz*'s standard in this way, as it might be construed as requiring a lower showing than what was mandated by the D.C. Circuit in *Perholtz*. *See, e.g., United States v. Davis*, 664 F. Supp. 2d 86, 89 n.1

3

anything other than "harmless or unprejudicial," and thus necessarily insubstantial. *See Quinn*, 416 F. Supp. 2d at 136; *see also Perholtz*, 836 F.2d at 560–61 (concluding that even defendant's "not frivolous" arguments were not sufficiently close to meet § 3143(b)'s standard).

Lastly, the Court notes that, even assuming *arguendo* that the circumstances noted by Baylor in her motion—namely, the declining health of her mother and the primary custody of her four adolescent daughters (*see* Def.'s Motion at 2–3)—are "extraordinary," they do not fit within the ambit of the statutory section she cites. First, release on consideration of "exceptional circumstances" under this subsection still requires a defendant to satisfy the conditions of release under § 3143(b)(1). *See* 18 U.S.C. § 3145(c) (allowing for release of a person who, *inter alia*, "meets the conditions of release set forth in section 3143[(b)(1)]"). Second, § 3145(c) only applies to someone subject to detention "pursuant to section 3143(a)(2) or (b)(2)"; these subsections both require detention of defendants convicted of certain offenses described in several subparagraphs of § 3142(f)(1), none of which apply to Baylor's case. *See id.* § 3142(f)(1)(A)-(C) (listing included offenses such as crimes of violence, crimes for which the maximum sentence is life imprisonment or death, and crimes for which the maximum sentence is ten years or more under the Controlled Substances Act). Although Baylor admits in her reply that she does not fit within § 3145(c)'s reach, she nevertheless argues "it is still appropriate for the Court to consider such circumstances, though not required." (*See* Reply at 6.) However, Baylor cites no authority to support such extra-statutory considerations. As a result, the potentially exceptional circumstances in Baylor's life can play no part in the Court's decision,

---

(D.D.C. 2009); *see also Perholtz*, 836 F.2d at 566 (rejecting case law in other circuits requiring only a "fairly debatable" or more than "not frivolous" question (internal quotation marks omitted).) Nevertheless, the Court need not address any disparity between these two formulations of the "substantial question" standard, as Baylor's arguments do not meet even an arguably less stringent test.

which must be guided by the Code's requirements. *See* 18 U.S.C. § 3143(b)(1) (ordering that a Court "*shall* order that a person who has been found guilty of an offense and sentence to a term of imprisonment . . . be detained" unless the requirements of the section are met (emphasis added)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion for appeal bond or in the alternative home detention pending appeal (ECF Nos. 158, 160) is **DENIED**. Baylor's motion for leave to file a reply to the government's opposition to her motion is **GRANTED**.



ELLEN S. HUVELLE
United States District Judge

Date: November 25, 2019