UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) )   Crim. No. 16-0180 (ESH) |
| BRYNEE BAYLOR, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

Before the Court is defendant Brynee Baylor's third emergency motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i).  (Def.'s Third Emergency Mot. for Release from Custody, July 14, 2020, ECF No. 190 ("Def.'s 3d Mot.").)  For the reasons stated herein, the motion will be granted.

The complete background and relevant legal framework has been set forth in the Court's opinion denying without prejudice Ms. Baylor's second motion for compassionate release.  (*See* Mem. Op., July 7, 2020, ECF No. 189.)  Briefly, Ms. Baylor is currently serving a sentence of 25 months imprisonment at FPC Alderson, in Alderson, West Virginia, with a projected release date of October 26, 2021.  She has chronic kidney disease and hypertension, which increase her risk of severe illness should she contract COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (individuals with "chronic kidney disease at any stage" are at increased risk; individuals with hypertension "might" be at increased risk).  The government has conceded that Ms. Baylor's medical conditions meet the

extraordinary and compelling reasons standard for compassionate release. (*See* Def.'s 3d Mot. at 2.) The Court, however, denied her motion for compassionate release because there were no cases of COVID-19 at FPC Alderson and because it appeared that the BOP was making "extra efforts" to manage her conditions. (*See* Mem. Op. at 6, July 7, 2020, ECF No. 189.) But the Court denied the motion without prejudice, leaving the door open should new facts emerge. *Id*. ("if circumstances at [FPC Alderson] change or if [Baylor's] health deteriorates, [she] may renew [her] request for compassionate release" (quoting *United States v. Demirtas*, 2020 WL 3489475, at *3 (D.D.C. June 25, 2020))).

In her third motion for compassionate release, Ms. Baylor alleges that the BOP has not only failed to make an "extra effort" but has failed to provide her with even adequate medical care and treatment. (*See* Def.'s 3d Mot at 3-4 & Exs. A-C.) The government filed an opposition to Ms. Baylor's motion (*see* Gov't Opp. to Def.'s 3d Mot., July 21, 2020, ECF No. 192), and Ms. Baylor filed a reply (*see* Reply re 3d Mot., July 26, 2020, ECF No. 193). In addition, the Court ordered the government to take certain actions and provide the Court with additional information relating to Ms. Baylor's blood tests and her blood pressure readings. (*See* Minute Order, July 14, 2020; Minute Order, July 28, 2020; Gov't Notice, July 28, 2020, ECF No. 196; Sealed Document, Aug. 14, 2020, ECF No. 198; Minute Order, Aug. 17, 2020; Gov't Notice, Sept. 3, 2020, ECF No. 199.) Ms. Baylor has also made several supplemental filings. (*See* Def.'s Supp., July 27, 2020, ECF No. 194; Def.'s Supp., July 28, 2020, ECF No. 195; Sealed Document, July 29, 2020, ECF No. 197; Def.'s Resp., Sept. 10, 2020, ECF No. 200; Def.'s Supp., Oct. 5, 2020, ECF No. 201.)

This information shows continuing issues with BOP's treatment of Ms. Baylor's medical conditions. (*See* Def.'s 9/10/2020 Resp. ¶¶ 1, 4-8). Her kidney function tests continue to show

reduced function, while BOP does not appear to be appropriately managing her hypertension. (*See id*. ¶ 6 (BOP doctor recommended change in medication but BOP has not implemented because the medication is "not on the BOP's formulary list for hypertension medication because of its cost"); *see also id*. ¶ 8 & Ex. A (letter from Dr. Jessica Osborn concludes that "the eight blood pressures provided by BOP, taken between July 28, 2020 through August 10, 2020, show that Ms. Baylor's blood pressure has not been aggressively managed to less than 130/80").) Having considered all of the above information, the Court is not confident that Ms. Baylor's complex medical conditions are being adequately managed.

More importantly, her conditions puts her at increased risk of serious complications or death should she contract COVID-19, and the fact that there are now cases of COVID-19 at Alderson greatly increasies the risk that Ms. Baylor will contract the disease. (*See* Def.'s 10/5/2020 Supp. at 1 ("On October 1, 2020, the Bureau of Prisons ("BOP") website detailing COVID-19 Cases within BOP facilities advised that two (2) inmates tested positive for the virus at Alderson FPC.  https://www.bop.gov/coronavirus/.")  The Court therefore is now persuaded that Ms. Baylor's circumstances present extraordinary and compelling reasons to reduce her sentence.

The question remains whether, after considering the factors set forth in 18 U.S.C. § 3553(a), a sentence reduction is warranted.  The Court concludes that it is.  It is undisputed that Ms. Baylor is a non-violent offender who would not be a danger to her community.  In addition, Ms. Baylor has now served almost 9 months in prison, approximately 40% of her sentence, and her projected release date is only a year away.  Moreover, as other courts have recognized, the effect of the pandemic has been to greatly increase the anticipated severity of any period of incarceration.  *See, e.g.*, *United States v. Mel*, No. 18-cr-0571, 2020 WL 2041674, at *3 (D. Md.

3

Apr. 28, 2020). Finally, she has been a model inmate during her incarceration, she has an approved release plan, and she will have a full-time job upon her release. In sum, the time she has served and her continuing supervision is "sufficient, but not greater than necessary" to satisfy the goals of sentencing under 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons warrant a sentence reduction in this case. Accordingly, the Court will grant defendant's motion for compassionate release and reduce her previously imposed sentence to time served. In addition, the Court will modify the conditions of supervised release to include a three-month period of home detention, with location monitoring at the discretion of the Probation Office. A separate Order accompanies this Memorandum Opinion.



ELLEN S. HUVELLE
United States District Judge

Date:   October 8, 2020